UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

09-20804-CIV-HOEVELER

**BARRET ROBBINS,**

    Plaintiff,

v.

**THE CITY OF MIAMI BEACH,
OFFICER COLIN PFROGNER,
OFFICER MICHAEL MULEY, and
OFFICER WILLIAM SCHOENFELD,**

    Defendants.
_____/

## ORDER AND REASONS
## ON MOTIONS TO DISMISS

    This is a civil rights lawsuit against the City of Miami Beach and three Miami Beach police officers concerning the use of excessive force. The case comes before the Court on separate motions to dismiss filed by the City [DE 8] and the individual police officers [DE 13]. The motions have been fully brief and are ready for a decision. For the reasons that follow, the City of Miami Beach's motion is GRANTED in part and DENIED in part, and the police officers' motion is DENIED.

### Background

    Barret Robbins is a former NFL center for the Oakland Raiders. His professional football career ended in 2003 after he failed to show up for the Raider's appearance in Super Bowl XXXVII, because of mental health issues. According to the complaint, on January 15,

1

2005, one or more unnamed Miami Beach police officers (who are not involved in this lawsuit) observed Mr. Robbins walking on private property on Sunset Island. The police put him into their cruiser, drove him away from Sunset Island, then "dumped him, leaving him to fend for himself," even though they "knew or should have know that Robbins, in his delusional state, could potentially pose a risk of harm to himself or others." Robbins ended up in South Beach in front of the Playwright Pub. He walked into the back entrance and went upstairs into an area that was admittedly closed to customers to find a bathroom. The bar manager called 911 and plainclothes Miami Beach police officers Michael Muley, Mark Schoenfeld, and Colin Pfrogner responded. All three went upstairs, at which point Officers Muley and Schoenfeld entered the bathroom, "burst into the stall, pointing their guns." Robbins asserts that, "in a panic, [he] jumped up and tried to run away from his perceived assailants," exiting the bathroom and into the hallway, where Officer Pfrogner was positioned. Officer Muley followed Robbins into the hallway and shot him several times, critically wounding him. According to the complaint, the police officers later conspired to cover up their unjustifiable conduct by concocting a false story about shooting Mr. Robbins in self defense.

Mr. Robbins asserts four counts in the amended complaint. Count I is a § 1983 claim against the three individual police officers for violating Robbins's rights under the Fourth, Fifth, and Fourteenth Amendments. Count II is a § 1983 claim against the

City of Miami Beach, for maintaining a custom or policy of tolerating, encouraging, and failing to train police about the use of excessive force. Count III is a Section 768.28 claim under Florida's waiver of sovereign immunity law against the City of Miami Beach, alleging that the City is liable for the negligent actions of its officers. And Count IV is a Section 768.28 claim against the officers themselves, for assault and battery and for conspiring to cover up their misconduct.

## I. Standard

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

II. Discussion

A.  *The police officers*

The police officers argue that the § 1983 claim in Count One is an impermissible "shot-gun" style pleading, because Robbins presents a jumble of claims against three police officers for violating three different constitutional amendments in a single count, without providing any factual allegations about who did what. This presentation style is particularly problematic because the three officers had very different roles in the shooting. These differences cannot be glossed over.

In response to the motion to dismiss, Robbins filed a one-paragraph "opposition" acknowledging his pleading errors and requesting leave to amend the complaint, which the police officers oppose. The Court is satisfied, however, that the plaintiff should be allowed to amend the complaint, presenting each constitutional claim against each police officer in a separate count. Further, each claim must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal 129 S.Ct. 1937, 1940 (2009). The plaintiff's Section 768.28 claim also impermissibly presents claims against all three officers in a single count, and must be fixed in the amended complaint. Because the Court is allowing the amendment, it is unnecessary to consider the police officers' alternative arguments in favor of dismissal based on qualified immunity or failure to state a claim for relief.

4

B.  *The City of Miami Beach*

Generally, a municipality can only be liable under § 1983 if its policies and customs were the "moving force [behind] the constitutional violation." See City of Canton, Ohio v. Harris, 109 U.S. 378, 385 (1989). In other words, the very "execution of the municipality's policy or custom. . . [must] inflict the [constitutional] injury." Canton, 109 U.S. 378 at 385 (quoting Springfield v. Kibbe, 480 U.S. 257, 267 (1987)). In cases where a municipality's "failure to train" its police force is the basis for § 1983 liability, the question is whether the deliberate choice by municipal officials not to provide further training is so egregious that it rises to the level of "city policy" itself. Id. at 390.

Here, Robbins's alleges that the City of Miami Beach's failure to investigate excessive force complaints is a "custom or policy" that was the "moving force [behind] the constitutional violation" at issue. See Canton, 109 U.S. at 385. In the pleadings, Robbins submits that the City has refused to properly investigate excessive force complaints and failed to discipline or prosecute police officers for using excessive force. The plaintiff claims that when incidents of excessive force are investigated, the investigation reports omit unfavorable evidence, exclude statements of non-police witnesses, and rely solely on the word of the police officers involved. These factual allegations are sufficient to support municipal liability for constitutional violations pertaining to excessive force. However, no facts whatsoever have been alleged to

support municipal liability under § 1983 for equal protection violations or for the alleged conspiracy, and, therefore, these claims must be dismissed. See, e.g., Geidel v. City of Bradenton Beach, 56 F. Supp.2d 1359, 1365 (M.D. Fla. 1999) (dismissing § 1983 conspiracy claim for insufficient factual allegations). Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The motion to dismiss filed by officers Michael Muley, Mark Schoenfeld, and Colin Pfrogner is DENIED and the plaintiff's request to amend the complaint is GRANTED. The amended complaint must be filed within 20 days of the date of this order;

2. The motion to dismiss filed by the City of Miami Beach is GRANTED with respect to claims of municipal liability based on equal protection violations and conspiracy to violate § 1983, and DENIED as to the remaining claims. The plaintiff is given 20 days to amend the complaint.

**DONE AND ORDERED** in Miami, Florida, October 26, 2009.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE