UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20804-CIV-HOEVELER/GARBER

BARRET ROBBINS,

          Plaintiff,

v.

THE CITY OF MIAMI BEACH,
OFCR. COLIN PFROGNER,
OFCR. MICHAEL MULEY, and
OFCR. MARK SCHOENFELD,

          Defendants.
_____/

**THIRD AMENDED COMPLAINT**

Plaintiff, BARRET ROBBINS ("Robbins"), files his Third Amended Complaint, and states:

**COMMON ALLEGATIONS**

1. This is an action for money damages in excess of $15,000.00, exclusive of interest and court costs, and is also brought pursuant to 42 U.S.C. §§1983 and 1988, as well as under concurrent state law, to redress violations by the Defendants of certain rights guaranteed to the Plaintiffs by the United States Constitution.

2. Venue is proper in this forum.

3. All conditions precedent to the filing of this action have been fulfilled or waived. More specifically, written notice of Robbins' state law claims was sent to CMB pursuant to Section 768.28, Florida Statutes.

4. At all times material, Robbins was a resident of Texas. Robbins, a former All-Pro center for the Oakland Raiders, was visiting Miami at the time of the incident described herein. Robbins suffers from bipolar disorder, which can be controlled by medication.

5.At all times material, CMB was a municipal corporation located within Miami-Dade County in the State of Florida.

6.At all times material, Defendants PFROGNER, MULEY and SCHOENFELD (collectively "the Officers") were, on information and belief, residents of Miami-Dade County, Florida and otherwise sui juris. The Officers were employed by CMB as police officers, and were, at all times described herein, acting within the course and scope of their official duties.

### FACTS GIVING RISE TO CLAIMS

7.On or around the afternoon of January 15, 2005, Robbins was observed by CMB officers on private property on Sunset Island II in Miami Beach. Robbins, who had not been taking his medication, was disoriented and in obvious need of mental health attention. The CMB officers took him into custody, but rather than taking him to the appropriate facility, they simply took him off the island to mainland Miami Beach and dumped him, leaving him to fend for himself. They did so despite the fact that they knew or should have known that Robbins, in his delusional state, could potentially pose a risk of harm to himself or others.

8.Later that day, in the evening hours, Robbins, still disoriented and needing to use the bathroom, approached the rear entrance to the Playwright Pub located at 12th St. and Alton Road in Miami Beach. Robbins went in through the back door and up the stairs to an area that was admittedly closed, seeking a bathroom. A Playwright manager called 911.

9.The Officers responded to the call and proceeded to the upstairs area.

10.Upon reaching the bathroom area where Robbins was sitting on the toilet, MULEY and SCHOENFELD, who were in plainclothes, burst into the stall, pointing their guns in Robbins' face and shouting at him.

11. Robbins, who was already disoriented, believed he was being robbed or attacked and, in a panic, jumped up and tried to run away from his perceived assailants.

12. Robbins ran out from the bathroom into the hallway in an attempt to escape, where PFROGNER was waiting. MULEY and SCHOENFELD followed Robbins out of the bathroom. At this point, although he was in no real personal danger, MULEY, totally overreacting to the situation, shot Robbins multiple times without justification, critically wounding him.

13. Realizing this, the Officers immediately conspired to cover up the facts of the situation and concocted a story whereby they would report that Robbins, a physically large man, had attacked them and placed them in fear of their lives, necessitating the use of deadly force. The physical evidence, however, contradicts this story.

14. The Officers also facilitated the levying of serious charges against Robbins in connection with this incident, including 3 counts of attempted felony murder; attempting to deprive a law enforcement officer of means of protection; resisting arrest with violence; and trespassing.

15. Ultimately, all charges were dismissed against Robbins except for a single battery count and a single resisting count; adjudication was withheld on these charges.

16. As a direct result of the actions of the Officers, Robbins suffered serious personal injury, pain and suffering, expenses of hospitalization and medical care in the past and future, loss of earnings, loss of earning capacity in the future, loss of the ability to enjoy life, and aggravation of a preexisting condition.

### COUNT I – 42 U.S.C §1983 – PFROGNER

17. Plaintiff realleges Paragraphs 1, 2, and 4-16 and incorporates them herein.

18. At all times material, PFROGNER was acting under color of state law.

19.     The use of force at the level used herein was objectively unreasonable under the circumstances. More specifically, Robbins was unarmed; had given no indication of any kind that he was violent (given that all he was suspected of was unauthorized use of a toilet); and was panicked and trying to escape what he thought was an attack on his person and/or a robbery. PFROGNER knew these things. PFROGNER also had non-lethal alternatives available to him in terms of controlling Robbins or preventing him from leaving the hallway. Instead of using those, however, he stood by while MULEY shot Robbins several times.

20.     Additionally, it is well established law that engaging in cover up of civil rights violations is illegal and is itself a violation of constitutional rights. The Officers immediately realized that MULEY had wrongfully shot Robbins, and instead of coming forward with the truth, the Officers, including PFROGNER, immediately conspired to come up with a story that would prevent them from being subjected to scrutiny for their actions. The Officers discussed the situation and agreed between them to lie about Robbins' actions and the potential threat that he may have presented, so as to justify MULEY's shooting Robbins.

21.     All of the acts described herein deprived Robbins of rights secured to him by the United States Constitution; specifically, the right secured to Robbins by the Fourth (by subjecting him to unreasonable search and seizure) Amendment to the United States Constitution.

22.     The actions of PFROGNER, as described, have forced Robbins to hire the undersigned attorneys and to pay them a reasonable fee, which Robbins is entitled to recover pursuant to 42 U.S.C. §1988.

### COUNT II - 42 U.S.C. §1983 - MULEY

23.     Plaintiff realleges Paragraphs 1, 2, and 4-16 and incorporates them herein.

24. At all times material, MULEY was acting under color of state law.

25. The use of force at the level used herein was objectively unreasonable under the circumstances. More specifically, Robbins was unarmed; had given no indication of any kind that he was violent (given that all he was suspected of was unauthorized use of a toilet); and was panicked and trying to escape what he thought was an attack on his person and/or a robbery. MULEY knew these things. MULEY also had non-lethal alternatives available to him in terms of controlling Robbins or preventing him from leaving the hallway. Instead of using those, however, he shot Robbins several times.

26. Additionally, it is well established law that engaging in cover up of civil rights violations is illegal and is itself a violation of constitutional rights. MULEY realized that he had wrongfully shot Robbins, and instead of coming forward with the truth, he immediately conspired with the other Officers to come up with a story that would prevent them from being subjected to scrutiny for their actions. The Officers discussed the situation and agreed between them to lie about Robbins' actions and the potential threat that he may have presented, so as to justify MULEY's shooting Robbins.

27. All of the acts described herein deprived Robbins of rights secured to him by the United States Constitution; specifically, the right secured to Robbins by the Fourth (by subjecting him to unreasonable search and seizure) Amendment to the United States Constitution.

28. The actions of the MULEY, as described, have forced Robbins to hire the undersigned attorneys and to pay them a reasonable fee, which Robbins is entitled to recover pursuant to 42 U.S.C. §1988.

**COUNT III – 42 U.S.C. §1983 – SCHOENFELD**

29. Plaintiff realleges Paragraphs 1, 2, and 4-16 and incorporates them herein.

30. At all times material, SCHOENFELD was acting under color of state law.

31. The use of force at the level used herein was objectively unreasonable under the circumstances. More specifically, Robbins was unarmed; had given no indication of any kind that he was violent (given that all he was suspected of was unauthorized use of a toilet); and was panicked and trying to escape what he thought was an attack on his person and/or a robbery. SCHOENFELD knew these things. SCHOENFELD also had non-lethal alternatives available to him in terms of controlling Robbins or preventing him from leaving the hallway. Instead of using those, however, he stood by while MULEY shot Robbins several times.

32. Additionally, it is well established law that engaging in cover up of civil rights violations is illegal and is itself a violation of constitutional rights. The Officers immediately realized that MULEY had wrongfully shot Robbins, and instead of coming forward with the truth, the Officers, including SHCOENFELD, immediately conspired to come up with a story that would prevent them from being subjected to scrutiny for their actions. The Officers discussed the situation and agreed between them to lie about Robbins' actions and the potential threat that he may have presented, so as to justify MULEY's shooting Robbins.

33. All of the acts described herein deprived Robbins of rights secured to him by the United States Constitution; specifically, the right secured to Robbins by the Fourth (by subjecting him to unreasonable search and seizure) Amendment to the United States Constitution.

34. The actions of SCHOENFELD, as described, have forced Robbins to hire the undersigned attorneys and to pay them a reasonable fee, which Robbins is entitled to recover pursuant to 42 U.S.C. §1988.

Robbins v. CMB
09-20804-CIV-WMH
Page 7

**COUNT IV – CMB – 42 U.S.C. §1983**

35.     Robbins realleges paragraphs 1, 2, and 4-16 and incorporates them herein.

36.     At all times material, the CMB officers involved in this matter were acting under color of state law and pursuant to the official custom, course and policy of the City.

37.     All of the acts described herein deprived Robbins of rights secured to him by the United States Constitution; specifically, the right secured to Robbins by the Fourth (by subjecting him to unreasonable search and seizure) Amendment to the United States Constitution.

38.     At all times material, CMB encouraged, permitted, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal excessive use of force against citizens by police officers in that:

> 1.  CMB has failed to prosecute or use discipline in circumstances involving the obvious excessive use of force;
>
> 2.  CMB has refused to investigate complaints of previous incidents involving wrongful and excessive force and instead, officially claimed that such incidents were justified and proper;
>
> 3.  By means of both inaction and cover up of such incidents, CMB encouraged police officers employed by it to believe that unwarranted use of force was acceptable at CMB.

39.     CMB has maintained no (or and inadequate) system of review for use of force incidents, including those involving canine units; this lack of a system or inadequate system has resulted in a failure to identify instances of excessive use of force or to discipline, more closely supervise, or retrain officers who in fact engaged in improper and excessive use of force.

40.     On information and belief, these systemic deficiencies include but are not limited to:

> 1.  Preparation of investigative reports that are designed to vindicate the use of force, regardless of whether such use is justified;

Feiler & Leach, P.L.
901 Ponce de Leon Blvd., Penthouse Suite • Coral Gables, FL 33134-3009 • (305) 441-8818

  2. Failure to maintain an adequate early warning system;

  3. Preparation of investigative reports which uncritically rely solely on the word of officers involved in incidents and which systematically fail to credit testimony by non-police officer witnesses;

  4. Preparation of investigative reports which omit factual information and physical evidence that contradicts the accounts of the officers involved;

  5. Issuance of public statements exonerating officers involved in such incidents prior to conducting a full and fair investigation;

  6. Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

 41. CMB also maintains a system of grossly inadequate training pertaining to the law of permissible use of force.

 42. The acts, omissions, and systemic deficiencies as described herein are policies, practices and customs of the CMB, which had the result of teaching CMB officers that they could use whatever force they felt necessary against citizens, regardless of the law, with impunity.

 43. As a direct and proximate cause of the aforementioned acts, omissions, customs, practices and policies, which were the moving force behind the violations complained of, Plaintiff suffered serious injuries and deprivations of his rights.

 44. The acts of CMB as described herein have forced Plaintiff to hire the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. §1988.

**COUNT V – CMB – STATE LAW CLAIM FOR PFROGNER'S ACTIONS**

 45. Plaintiff realleges Paragraphs 1-16 and incorporates them herein.

46.     Defendant, through its agent, PFROGNER, used force that was excessive and unreasonable under the circumstances against the Plaintiff, injuring him as described above.  The actions of The Officers constituted an unwarranted assault and battery upon the person of the Plaintiff.

47.     Defendant is liable to Plaintiff pursuant to Section 768.28, Florida Statutes, for the actions of PFROGNER.

**COUNT VI – CMB – STATE LAW CLAIM FOR ACTIONS OF MULEY**

48.     Plaintiff realleges Paragraphs 1-16 and incorporates them herein.

49.     Defendant, through its agent, MULEY, used force that was excessive and unreasonable under the circumstances against the Plaintiff, injuring him as described above.  The actions of The Officers constituted an unwarranted assault and battery upon the person of the Plaintiff.

50.     Defendant is liable to Plaintiff pursuant to Section 768.28, Florida Statutes, for the actions of MULEY.

**COUNT VII – CMB – STATE LAW CLAIM FOR ACTIONS OF SCHOENFELD**

51.     Plaintiff realleges Paragraphs 1-16 and incorporates them herein.

52.     Defendant, through its agent, SCHOENFELD, used force that was excessive and unreasonable under the circumstances against the Plaintiff, injuring him as described above.  The actions of The Officers constituted an unwarranted assault and battery upon the person of the Plaintiff.

53.     Defendant is liable to Plaintiff pursuant to Section 768.28, Florida Statutes, for the actions of SCHOENFELD.

### COUNT VIII – OFFICER PFROGNER – STATE LAW CLAIMS

54. Plaintiff realleges Paragraphs 1-16 and incorporates them herein.

55. PFROGNER used force that was excessive and unreasonable under the circumstances against the Plaintiff, injuring him as described above. The actions of PFROGNER constituted an unwarranted assault and battery upon the person of the Plaintiff.

56. These actions, as well as the subsequent coverup, were undertaken in bad faith and with malicious purpose towards Robbins.

### COUNT IX – OFFICER MULEY – STATE LAW CLAIMS

57. Plaintiff realleges Paragraphs 1-16 and incorporates them herein.

58. MULEY used force that was excessive and unreasonable under the circumstances against the Plaintiff, injuring him as described above. The actions MULEY constituted an unwarranted assault and battery upon the person of the Plaintiff.

59. These actions, as well as the subsequent coverup, were undertaken in bad faith and with malicious purpose towards Robbins.

### COUNT X – OFFICER SCHOENFELD – STATE LAW CLAIMS

60. Plaintiff realleges Paragraphs 1-16 and incorporates them herein.

61. SCHOENFELD used force that was excessive and unreasonable under the circumstances against the Plaintiff, injuring him as described above. The actions of SCHOENFELD constituted an unwarranted assault and battery upon the person of the Plaintiff.

62. These actions, as well as the subsequent coverup, were undertaken in bad faith and with malicious purpose towards Robbins.

### JURY TRIAL DEMANDED

Robbins v. CMB<br>
09-20804-CIV-WMH<br>
Page 11

63.    Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff demands judgment against Defendants for money damages, court costs, prejudgment interest on all liquidated damages, reasonable attorney's fees, and all other relief the court sees fit to grant after trial by jury on all issues so triable.

    FEILER & LEACH, P.L.
    Attorneys for Plaintiff
    901 Ponce de Leon Blvd., Penthouse Suite
    Coral Gables, FL 33134-3009
    Tel. (305) 441-8818  Fax (305) 441-8081
    mbf@flmlegal.com

    By:   /s/ Michael B. Feiler
        Michael B. Feiler
        Fla. Bar No. 098477

Robbins v. CMB  
09-20804-CIV-WMH  
Page 12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Michael B. Feiler

**SERVICE LIST**

Donald M. Papy, Esq.
City of Miami Beach
1700 Convention Center Dr. #400
Miami Beach, FL 33139


Joshua M. Entin, Esq.
407 Lincoln Rd. #PH SE
Miami Beach, FL 33139