UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-20804-CIV-HOEVELER/GARBER

BARRET ROBBINS,

    Plaintiff,

v.

THE CITY OF MIAMI BEACH,
OFFCR. COLIN PFROGNER,
OFFCR. MICHAEL MULEY, and
OFFCR. MARK SCHOENFELD

    Defendants.
_____/

## DEFENDANTS COLIN PFROGNER, MICHAEL MULEY AND MARK SCHOENFELD'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants, COLIN PFROGNER ("Pfronger"), MICHAEL MULEY ("Muley"), and MARK SCHOENFELD ("Schoenfeld") (collectively the "Officers"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 10(b) and 12(b)(6) hereby move to Dismiss Plaintiff, BARRET ROBBIN'S ("Plaintiff") Third Amended Complaint ("TAC"). In furtherance thereof, the Officers state as follows:

### INTRODUCTION

This is a federal civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 against the City of Miami Beach ("CMB"), and City of Miami Beach Police Officers Pfronger, Muley, and Schoenfeld relating to incidents which allegedly occurred on January 15, 2005. On April 29, 2009, Plaintiff filed the Amended Complaint [D.E. 6], which the Officers moved to dismiss [D.E. 13]. In ruling on the Officers' Motion, the Court found that the Amended Complaint, in violation of Fed. R. Civ. P. 10(b), impermissibly included all the individual Officers into each

count. [D.E. 26, at p.4]. The Court noted, however, that "the plaintiff should be allowed to amend the complaint, presenting each constitutional claim against each police Officer in a separate count. Further, each claim must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citing *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1940 (2009)). The Court further held that "[t]he plaintiff's Section 768.28 claim also impermissibly presents claims against all three Officers in a single count, and must be fixed in the amended complaint." *Id.* Plaintiff then filed his Second Amended Complaint, D.E. 27, which the Officers moved to dismiss. D.E. 29.

In ruling on the Officers' Motion to Dismiss, this Court found that Plaintiff had failed to state any cause of action under the Fifth and Fourteenth Amendments, and dismissed those claims with prejudice. D.E. 38 at pp.7-8. The Court permitted the Fourth Amendment excessive force claim under § 1983 to go forward, noting that the officers will have an opportunity to challenge Plaintiff's claims on summary judgment. *Id.* at p.7. As for Plaintiff's state law claims, the Court found that the Plaintiff had again failed to fix some of his numerous pleading errors, and dismissed these claims without prejudice. *Id.* at p.9. Plaintiff subsequently filed his Third Amended Complaint on April 26, 2010. D.E. 39. Despite already being provided *four separate opportunities* to do so, Plaintiff has again failed to state a claim under 768.28 against Officers Pfronger and Schoenfeld, and has again failed to heed this Court's Order requiring him to comply with Fed. R. Civ. P. 10(b). For these reasons, and as discussed more fully herein, all state law claims asserted against the Officers in the third Amended Complaint should be dismissed.[1]

---

[1] The Officers' Motion to Dismiss is not directed to Counts I-III (excessive force under § 1983) as this Court has already declined to dismiss these Counts for failure to state a claim under Rules 8 and 12. *See* D.E. 38, pp.7-8. However, the filing of a Rule 12 motion directed to part of a complaint necessarily suspends the time to respond to

**MEMORANDUM OF LAW**

I. **THE STATE LAW CLAIMS AGAINST THE OFFICERS SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6) BECAUSE THEY FAIL TO STATE A CLAIM.**

Federal Rule of Civil Procedure 12(b)(6) allowed a party to move to dismiss any pleading for failure to state a claim upon which relief can be granted. *Id.* The purpose of such a motion "is to test the facial sufficiency of the statement of claim for relief." *Vernon v. Medical Mgt. Assoc. of Margate, Inc.*, 912 F. Supp. 1576, 1553 (S.D. Fla. 1996). In evaluating the sufficiency of a complaint in light of a Motion to Dismiss, the pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A., et al.,* 711 F.2d 989, 994-95 (11th Cir. 1983). However, the court should not assume that the plaintiff can prove facts that were not alleged. *Id.* Further, conclusory allegations are not accepted as true. *Gersten v. Rundle,* 833 F.Supp. 906, 910 (S.D. Fla. 1993) (citing *Assoc. Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As recently re-interpreted by the Supreme Court, a complaint's "[f]actual allegations must be enough to raise a right to relief about the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544. Indeed, *Bell Atlantic* requires "more than labels and conclusions," and identifies two specific thresholds that the pleader must cross in order to avoid dismissal: (1) a pleader must bridge the gap between the conclusory and the factual; and (2) a pleader must allege *suggestive* facts that exceed factual neutrality. *Twombly*, 127 S. Ct. at 1966, note 5. Thus, to successfully "nudge[] claims across the line from conceivable to plausible," a complaint must contain facts "plausibly suggesting (not

---

the entire complaint. *See* Rule 12(a)(4)(A); *Ideal Instruments, Inc. v. Rivard Instruments, Inc*., 434 F.Supp.2d 598, 637-638 (N.D. Iowa 2006).

merely consistent with)" violations of the asserted causes of action. *Id.* at 1974. When they do not, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the Court.'" *Id.* at 1966.

In the instant case, applying the more rigorous *Twombly* standard, Plaintiff has failed to state a cause of action for assault and battery against Officers Pfronger and Schoenfeld and these claims should be dismissed.

### A. Counts VIII and X Should be Dismissed For Failure To State A Claim Under Fla. Stat. § 768.28.

The state law claims fail on their face by application of Fla. Stat. § 776.085, which states:

> (1) It shall be a defense to any action for damages for personal injury . . . that such action arose from injury sustained by a participant during the commission or attempted commission of a forcible felony. The defense authorized by this section shall be established by evidence that the participant has been convicted of such forcible felony or attempted forcible felony, or by proof of the commission of such crime or attempted crime by a preponderance of the evidence.
>
> (2) For the purposes of this section, the term "forcible felony" shall have the same meaning as in s. 776.08.

*Id.* Section 776.08, in turn, provides that "[f]orcible felony' means . . . any . . . felony which involves the use or threat of physical force or violence against any individual." *Id*. Under Florida law, a battery committed against a law enforcement officer in this manner is a third-degree felony. *See* Fla. Stat. § 784.07(2)(b). Resisting arrest with violence is also a third-degree felony, *see, e.g.,* Fla. Stat. § 843.01; *Wardell v. State*, 631 So.2d 1130, 1131 (Fla. 5th DCA 1994) (per curiam).

In this case, Plaintiff *admits* that he was charged with battery and resisting arrest with violence, but that adjudication was withheld. TAC at ¶¶ 14-15. While Plaintiff was not convicted, the § 776.085 defense may defeat a claim for battery against an officer as long as the facts show that the Plaintiff did in fact engage in such unlawful conduct. *See Fernandez v. City*

4

*of Cooper City*, 207 F.Supp.2d 1371, 1381-82 (S.D. Fla. 2002) (granting summary judgment on state law wrongful death claims by survivors of arrestee against officers based on § 776.085, despite the fact that arrestee was not convicted). Significantly, after admitting that he was charged with battery and resisting arrest with violence, Plaintiff does not deny that he committed a battery on the officers, nor does he deny that he resisted arrest with violence.

Because Plaintiff's own allegations demonstrate that he committed a forcible felony against the Officers during the events giving rise to his assault and battery claims, the Officers are entitled to the defense set forth in Fla. Stat. § 776.085 and the claims against them should be dismissed.[2]

**B. Counts VIII and X Should be Dismissed For Failure To State A Claim Under Fla. Stat. § 768.28.**

The claim asserted against Officers Pfronger and Schoenfeld in Counts VIII and X of the TAC should be dismissed for failure to state a claim.  In these Counts, Plaintiff seeks to hold the officers liable for state law claims for assault and battery upon him. *See* TAC, ¶¶ 54-56, 60-62. Under Florida law, battery is "a harmful or offensive contact" upon him "with the intent to cause such contact or the apprehension that such contact is imminent." *Quilling v. Price,* 894 So. 2d 1061, 1063 (Fla. 5th DCA 2005). In order to subject a defendant to liability for a battery, "the act of the defendant must cause and be intended to cause an unpermitted contact." *City of Winter Haven v. Allen,* 541 So. 2d 128, 138 (Fla. 2d DCA 1989) (citing W.L. Prosser, *The Law of Torts* 35 (4th ed. 1971)), *rev. denied*, 548 So. 2d 662 (Fla. 1989).

"Assault," on the other hand, is "an intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward another under such circumstances as to create a fear of

---

[2] Has Plaintiff not included this particular information in the Third Amended Complaint, the § 776.085 defense would have been more appropriate for summary judgment. *See Copeland v. Albertson's Inc*., 947 So. 2d 664 (Fla. 2d DCA 2007). However, because Plaintiff mentions the battery and resisting arrest with violence charges and does not deny that he engaged in the behavior underlying these charges, he has raised the specter of § 776.085 as it relates to this case.

5

imminent peril, coupled with apparent present ability to effectuate the attempt. *Lay v. Kremer*, 411 So. 2d 1347 (Fla. 5th DCA 1982)( (jury could find assault occurred where, immediately following a physical shove, defendant continued to harangue plaintiff in very abusive terms which, when coupled with an appearance of rage, extended beyond mere words); *McDonald v. Ford*, 223 So. 2d 553 (Fla. 2d DCA 1969) "Assault must be premised upon an affirmative act—a threat to use force, or the actual exertion of force." *Sullivan*, 454 So. 2d at 52; *see also, State Farm & Cas. Co. v. Saurazas*, 334 So. 2d 180 (Fla. 4th DCA 1976) (assault requires an affirmative act that is intentional). It is also clear that a failure to act does not give rise to a claim for assault or battery, as a matter of law. *See Sullivan v. Atlantic Federal Savings & Loan Association*, 454 So.2d 52, 54 (Fla. 4th DCA 1984), *rev. denied*, 461 So. 2d 116 (Fla. 1985) (complaint failed to state a cause of action because assault and battery cannot be premised upon an omission or failure to act).

Plaintiff Robbins alleges that, on January 15, 2005, at a time when he was disoriented and not taking the mediation which controlled his bipolar disorder, he entered a private, upstairs area in the Playwright Pub seeking to use a bathroom, prompting the manager to call 911. TAC ¶ 8. Officers Muley and Schoenfeld responded and allegedly burst into a bathroom stall where Robbins was sitting on the toilet, pointing their guns at him and shouting at him. *Id.* ¶10. Robbins, believing he was under attack, jumped up, tried to run away and attempted to escape. *Id.* ¶¶11-12. Robbins ran into the hallway to escape; Officer Pfrogner was "waiting." Officers Muley and Schoenfeld followed Robbins out of the bathroom. *Id.* Officer Muley shot him multiple times, allegedly without justification. *Id.* ¶12.

While the Officers do not dispute that Plaintiff has, albeit conclusorily, alleged a battery by Officer Muley, Robbins has not alleged any facts to suggest that Officer Pfrogner engaged in any acts that could be considered "assault" or "battery" under Florida law. *See* TAC, ¶¶ 1-16. Indeed, inasmuch as this Court already found that Plaintiff's claims against Pfronger under §

6

1983 are for a failure to intervene –in other words, a failure to act – this per se defeats Plaintiff's claim for assault and battery, which require affirmative acts under Florida law and may not be based on any failure to act. *See Sullivan,* 454 So. 2d at 54; D.E. 38 at p.6..

Further, while Robbins may have alleged an "assault," he has not alleged any facts that suggest that Officer Schoenfeld engaged in any acts that could be considered "battery" under Florida law. *See id.* Robbins has not alleged any harmful contact by either Officer Pfrogner or Schoenfeld and the allegation that Officer Pfrogner was "waiting" is woefully insufficient to state a claim for the intentional tort of assault. Accordingly, Robbins' allegations of assault and/or battery as to Officers Pfrogner and Schoenfeld lack facial plausibility, and should be dismissed. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (it is not a court's duty to infer improper motive or conduct in the absence of facts that "raise a right to relief above the speculative level.").

In sum, Counts VIII and X against Officers Pfrogner and Schoenfeld, should be dismissed because there are no facts supporting assault and/or battery claims against these Officers.

## II. COUNTS I-III AND VI SHOULD BE DISMISSED FOR VIOLATING RULE 10(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

In its April 5, 2010 Order, this Court instructed Plaintiff to separate his assault and battery claims to enable the Defendants to raise appropriate, tort-specific defenses. *See* D.E. 38, pp.9,12. Instead of separating his claims, Plaintiff asserted co-mingled claims for assault and battery against the each individual officer defendant. *See* TAC, Counts VIII-X. As a result, the undisputed pleading problems raised in response to the Second Amended Complaint are again at issue in the Third Amended Complaint.

Rule 10(b) of the Federal Rules of Civil Procedure requires that each claim alleged be "limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense." Fed. R. Civ. P. 10(b). *See also Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955 (11th Cir. 2008); *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364 (11th Cir. 1996); *Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992), *cert. denied* 113 S.Ct. 1586 (1993). A complaint is properly dismissed as a "shotgun" pleading in this jurisdiction when: (1) multiple legal claims are pled in one count; and (2) a claim for relief is pled so that it is impossible to tell whether state or federal claims are being asserted and/or what defenses are appropriately raised in response. *Dennis v. City of North Miami*, No. 07-22126, 2008 WL 783737, *4 (S.D.Fla. Mar. 21, 2008) (motion to dismiss granted where plaintiff's complaint asserted multiple legal claims in one count such as "Count 6: Malicious Abuse of Process, False Arrest and False Imprisonment"). *See also Anderson*, 77 F.3d 364. Contrary to Rule 10(b), Counts VIII-X of the TAC impermissibly attempt to assert  - *for the fourth time* - more than one legal claim per count.

**A. Counts VIII-X impermissibly attempt to assert more than one legal claim per count.**

"Assault" and "battery" are wholly separate and distinct intentional torts and should be separately pled, especially since these torts, when involving a police officer, are subject to additional, state statutory defenses. See *Sullivan*, 454 So. 2d at 54 (differentiating assault and battery); Fla. Jur. 2d Assault, § 1 (noting that "[i]t is customary to refer to the term 'assault and battery' as if it were a legal unit, or a single concept; however, assault and battery are separate and distinct legal concepts, assault being the beginning of an act which, if consummated, constitutes battery."). Moreover, under Florida law, police officers are entitled to a presumption of good faith in regard to the use of force applied during a lawful arrest, and officers are only liable for damages where the

8

force used is "clearly excessive." *City of Miami v. Saunders*, 672 So. 2d 46, 47 (Fla. 3d DCA 1996), *rev. denied,* 683 So. 2d 484 (Fla. 1996).

Count VIII states, "Pfronger used force that was excessive and unreasonable under the circumstances against the Plaintiff, injuring him as described above. The actions of Pfronger constituted an unwarranted *assault and battery* upon the person of the Plaintiff." TAC ¶ 55. Similarly, the claim against Mulay alleges that "Muley used force that was excessive and unreasonable under the circumstances against the Plaintiff, injuring him as described above. The actions of Muly constituted an unwarranted *assault and battery* upon the person of the Plaintiff." TAC ¶ 58. Finally, Count X states that "Schoenfeld used force that was excessive and unreasonable under the circumstances against the Plaintiff, injuring him as described above. The actions of Schoenfeld constituted an unwarranted *assault and battery* upon the person of the Plaintiff." TAC ¶ 61. Plainly, these Counts impermissibly asserts multiple state law claims, both assault and battery, against the Officers in each count.

Recognizing the pleading deficiencies identified herein, this Court expressly required – *twice* - that Plaintiff re-plead its state-law claims. *See* D.E. 26 at p.4 ("[t]he plaintiff's Section 768.28 claim also impermissibly presents claims against all three Officers in a single count, and must be fixed in the amended complaint."); D.E. 38 at p.9 ("plaintiff admits he ignored the Court's instructions to present the claims in separate counts. Accordingly, Count VI is dismissed, without prejudice); *Id.* at p.12 (directing Plaintiff to split the state law claims into separate counts). However, Plaintiff continues to ignore both this Court and the Federal Rules, making it difficult for the Officers to identify appropriate defenses to Robbins' claims in Counts VIII-X.

Accordingly, because Counts VIII-X violate Rule 10(b) and this Court's Orders by impermissibly attempting to assert more than one legal claim in a single count, these claims should be dismissed.

## **CONCLUSION**

For the reasons set forth above, the Officers respectfully request this Court enter an Order: (1) dismissing Counts VIII-X of the Third Amended Complaint; and (2) granting any and all further relief this Court deems equitable and just.

                          Respectfully submitted,

                          **s/** Mendy Halberstam
                          JOSHUA M. ENTIN
                          FBN: 0493724
                          MENDY HALBERSTAM
                          FBN: 068999

                          ROSEN SWITKES & ENTIN P.L.
                          407 Lincoln Road, PH SE
                          Miami Beach, FL 33139
                          Tel: 305-534-4757
                          Fax: 305-538-5504
                          Email: jentin@rosenandswitkes.com
                          *Counsel for Defendant Officers*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 17th day of May, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**/s/  Mendy Halberstam**

**SERVICE LIST**

Robbins v. City of Miami Beach, et al.
Case No. 09-20804-CIV HOEVELER/GARBER
United States District Court, Southern District of Florida

**Michael B. Feiler**
FEILER & LEACH, P.L.
901 Ponce de Leon Blvd., Penthouse Suite
Coral Gables, FL   33134-3009
Phone: 305-441-8818
Fax: 305-441-8081
Email: mbf@flmlegal.com

**Donald Mark Papy**
City of Miami Beach
1700 Convention Center Drive
4th Floor
Miami Beach, FL 33139-2032
Phone:  305-673-7470
Fax:  305-673-7002
Email: yamilexmorales@miamibeachfl.gov

**Jose Smith**
City of Miami Beach
1700 Convention Center Drive
4th Floor
Miami , FL 33139-2032
Phone:  305-673-7470
Fax: 673-7002
Email: josesmith@miamibeachfl.gov

**Kimberly Anne McCoy**
Office of the City Attorney
1700 Convention Center Drive
4th Floor
Miami Beach , FL 33139
Phone:  305-673-7000 x 6463
Fax: 305-673-7002
Email: kimberlymccoy@miamibeachfl.gov