UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
09-20804-CIV-HOEVELER

**BARRET ROBBINS,**

    Plaintiff,

v.

**THE CITY OF MIAMI BEACH,
COLIN PFROGNER, MICHAEL
MULEY and WILLIAM SCHOENFELD,**

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

BEFORE the Court are two motions to dismiss the plaintiff's Third Amended Complaint. The first is filed by three individual Miami Beach police officers [ECF No. 43], and the second is filed by the City of Miami Beach ("CMB") [ECF No. 42]. The motions have been fully briefed and are ready for a decision.

### I. Background

The facts of this lawsuit, as alleged in the pleadings, have been summarized in previous orders. On January 15, 2005, Barret Robbins entered a private upstairs bathroom in a Miami Beach public house (where he was admittedly not allowed), causing the bartender to summon the police. Plainclothes Miami Beach police officers Michael Muley and Mark Schoenfeld entered the upstairs bathroom and burst into the stall with guns drawn, while a third officer, Colin Pfrogner, waited in the upstairs hallway. Mr. Robbins was startled

1

by the interruption and ran into the hallway, at which point Officer Muley gave chase and shot Robbins several times, as Officers Pfrogner and Schoenfeld stood by.

In the Third Amended Complaint, the plaintiff asserts excessive-force violations against the three police officers under 42 U.S.C. § 1983 (Counts I - III), and a separate § 1983 claim against CMB for failing to train police officers in the use of force (Count VI). In addition, the plaintiff asserts claims in the alternative under Florida Statute § 768.28 against either: (1) CMB, as the state agency responsible for the negligence of the police officers (Counts V - VII); or (2) against the police officers themselves (Counts VIII - X) for their intentional and malicious conduct, *i.e.*, using "force that was excessive and unreasonable [which] constituted an unwarranted assault and battery. . . . as well as the subsequent coverup, [all of which] were undertaken in bad faith and with malicious purpose towards Robbins." See Pl.'s Third Am. Compl. ¶¶ 55 - 62.[1] Both motions to dismiss address the state-law claims, only.[2]

---

[1] Courts have noted the ability of § 768.28 plaintiffs to assert "mutually exclusive" claims in the alternative against both a government entity (for negligence) and a individual employee (for malicious, bad faith conduct). See, e.g., Reyes v. City of Miami Beach, 2007 WL 4199606 at *3 (S.D. Fla. 2007); Bryan Media, Inc. v. City of St. Petersburg, 2005 WL 2371992 at *8 (M.D. Fla. 2005).

[2] The Court denied the defendants' motions to dismiss the § 1983 claims in Counts I - IV in previous orders.

2

## II. Standard

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

## III. Analysis

### A. Motion to dismiss by the police officers

The police officers argue that the assault and battery claims in Counts VIII - X should be dismissed based on the affirmative defense made available by Florida Statute § 776.085. Section 776.085 prevents a plaintiff from collecting damages for injuries sustained while he was committing a forcible felony:

> It shall be a defense to any action for damages for personal injury or wrongful death, or for injury to property, that such action arose from injury sustained by a participant during the commission or attempted commission of a forcible felony. The defense authorized by this section shall be established by evidence that the participant has been convicted of such forcible felony or attempted forcible felony, or by proof of the commission of such crime or attempted crime by a preponderance of the evidence.

3

Fla. Stat. § 776.085(1). Robbins was indeed charged with two forcible felonies in connection with the January 15, 2005 incident (battery against the police and resisting arrest with violence), but adjudication was withheld on both counts. Although Robbins was never convicted, the police officers nevertheless assert there is adequate "proof of the commission of such crime or attempted crime by a preponderance of the evidence" to trigger the protection of § 776.085. Specifically, the police officers draw attention to the plaintiff's own admissions in the pleadings:

> 9. The Officers responded to the [911] call and proceeded to the upstairs area.
>
> 10. Upon reaching the bathroom area where Robbins was sitting on the toilet, Muley and Schoenfeld, who were in plainclothes, burst into the stall, pointing their gins in Robbins' face and shouting at him.
>
> 11. Robbins, who was already disoriented, believed he was being robbed or attacked and, in a panic, jumped up and tried to run away from his perceived assailants.

Pl.'s Third Am. Compl. ¶¶ 9-11. Thus, the Court must decide whether these allegations, without more, are sufficient to establish that Robbins more-likely-than-not committed a forcible felony during the arrest: namely, the felony of resisting arrest with violence.

The elements of resisting an officer with violence are set forth in § 843.01 of the Florida Statutes: "[w]hoever knowingly. . . resists. . . any officer. . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer. . . is guilty of a felony of the third

4

degree." Importantly, a determination that a police officer was acting improperly in the performance of his legal duty at the time of a defendant's "forcible resistance" is not a defense to a charge of resisting arrest with violence. Bradford v. State, 567 So. 2d 911, 914 (Fla. 1st DCA 1990), review denied, 577 So. 2d 1325 (Fla. 1991); Carwise v. State, 454 So. 2d 707 (Fla. 1st DCA 1984). For example, engaging in a scuffle with an officer--even during an improper police detention--can give rise to a valid arrest and conviction for the offense of resisting arrest with violence. Read v. State, 606 So. 2d 1246 (Fla. 5th DCA 1992); Savage v. State, 494 So. 2d 274 (Fla. 2d DCA 1986).

Robbins does not argue Officers Muley and Schoenfeld acted improperly when they entered the bathroom and initially attempted to make the arrest, and he admits he "jumped up [from the toilet] and tried to run away. . . . out from the bathroom into the hallway in an attempt to escape." See Pl.'s Third Am. Compl. ¶¶ 11-12. Thus, based on the undisputed facts it appears the application of § 776.085 simply turns on whether Robbins, a former NFL All-Pro center in a confused state of mind, could make a panicked exit from a bathroom stall blocked by two policemen without physically confronting them in the manner prohibited by § 843.01.

At this stage of litigation, the Court accepts the plaintiff's well-pled factual allegations and views them favorably to the plaintiff. Robbins has not admitted to physically threatening or obstructing the police officers, and the Court is not inclined to

5

infer facts to the plaintiff's disadvantage. Once the factual record has been developed, the defendants may be able to establish Robbins committed or was attempting to commit a forcible felony. But on the present record, the police officers' motion to dismiss based on § 776.085 must be denied.[3]

Additionally, Officer Schoenfeld moves for Rule 12(b)(6) dismissal of Robbins's battery claim in Count X, because Robbins supposedly did not allege the elements of battery. Specifically, defendant's counsel submits that the complaint contains no factual allegation Schoenfeld made "harmful contact" against Robbins. Counsel's assertions notwithstanding, the Court is satisfied Robbins minimally stated a claim of battery against Schoenfeld. Schoenfeld's motion to dismiss the battery claim in Count X is denied.

Next, Officer Pfrogner seeks dismissal of the assault and battery claims in Count VIII, because the factual allegations pertaining to his role in the incident (that he was waiting in the hallway the whole time) do not state a *prima facie* case of assault or battery. Officer Pfrogner is correct. His motion to dismiss the assault and battery claims in Count VIII is granted. Robbins has already amended the complaint three times and still fails to plead facts supporting assault and battery claims against Pfrogner;

---

[3] In reality, the crux of this lawsuit is Robbins's excessive force claim under § 1983, which is obviously not barred by proof he was resisting arrest with violence.

6

accordingly, these claims are dismissed, with prejudice. However, Robbins also alleges in Count VIII that Pfrogner conspired with Officers Muley and Schoenfeld to cover-up the true facts of the shooting, in bad faith and with malicious purpose. Pfrogner has not argued that Robbins's conspiracy claim in Count VIII should be dismissed, and the Court is aware of no reason why should be. See Witmer v. Univ. of Fla. Police Dept., 610 So. 2d 87, 87-88 (Fla. 1st DCA 1992) (recognizing claim of conspiracy to file false police reports under § 768.28).

Finally, the police officers' alternative argument for dismissing the state-law claims in Counts VIII - X is that the plaintiff impermissibly co-mingled the assault claim and the battery claim against each policeman in the same count. The defendants are correct that assault and battery are distinct intentional torts; the defendants also correctly point out the Court previously instructed the plaintiff to separate these claims into separate counts. Nevertheless, upon further consideration of the pleadings, and also in consideration of the time and effort spent in motion-practice concerning the form of the complaint, the Court will not require yet another amendment merely for Robbins to allege the assault and battery claims in separate counts. By this point, we are all well educated in the details of plaintiff's claims. Whether the assault and battery claims are presented in three counts or six counts will not prejudice the defendants' ability to respond and assert appropriate defenses.

7

### B. Motion to dismiss by CMB[4]

In Count V of the Third Amended Complaint, Robbins claims that CMB is liable for Officer Pfrogner's negligence; specifically, for Pfrogner's use of excessive force and Pfrogner's alleged commission of an assault and battery during the arrest. As stated above, Robbins has not pled facts suggesting Pfrogner committed an assault or battery, and, therefore, the *respondeat superior* claims against CMB premised on Pfrogner's assault or battery must be dismissed. However, Robbins also alleges in Count V that CMB is liable for Pfrogner's negligent use of excessive force. Because Florida law (like federal law) recognizes circumstances in which a policeman can be held responsible for failing to prevent a fellow officer's use of force, CMB's motion to dismiss the excessive force claim under § 768.28 is dismissed.

Finally, CMB's motion to dismiss Count VII (pertaining to the negligence of Schoenfeld) is denied; and CMB's contention that all the *respondeat superior* claims in Counts V - VII should be dismissed because the assault and battery claims are co-mingled in the same counts is denied, for the reasons discussed above. Accordingly, it is hereby:

**ORDERED AND ADJUDGED:** The police officers' motion to dismiss [ECF No. 43] is GRANTED in part and DENIED in part; and CMB's

---

[4] The disposition of CMB's motion to dismiss the state-law claims is largely governed by the Court's analysis and conclusions above with respect to the individual police officers.

motion to dismiss [ECF No. 42] is also GRANTED in part and DENIED in part, as follows:

1. Officer Pfrogner's motion to dismiss Robbins's assault and battery claims in Count VIII is granted. These claims are dismissed, with prejudice, for the plaintiff's failure to state a claim upon which relief can be granted.
2. CMB's motion to dismiss the claims in Count V pertaining to Officer Pfrogner's assault and battery is granted.
3. All other aspects of the motions to dismiss are denied.

**DONE AND ORDERED** in Miami, Florida, January 19th, 2011.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE