UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-20804-CIV-HOEVELER/GARBER

BARRET ROBBINS,

    Plaintiff,

v.

THE CITY OF MIAMI BEACH,
OFFCR. COLIN PFROGNER,
OFFCR. MICHAEL MULEY, and
OFFCR. MARK SCHOENFELD,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMAINING DEFICIENCIES IN PLAINTIFF'S REVISED AMENDED RESPONSES TO DISCOVERY

Defendant, COLIN PFROGNER, MICHAEL MULEY, and MARK SCHOENFELD (collectively "Defendants"), by and through the undersigned counsel hereby give notice of the deficiencies remaining in Plaintiff's Revised Amended Responses to Defendant Michael Muley's Interrogatories and to Defendants' request for production and state as follows:

1. Plaintiff filed his Third Amended Complaint on April 26, 2010, a federal civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 against the City Of Miami Beach ("CMB"), and City of Miami Beach Police Officers Pfronger, Muley, and Schoenfeld relating to incidents which allegedly occurred on January 15, 2005. [D.E. 39].

2. On or about July 13, 2010 Defendants' served their First set of Interrogatories on Plaintiff pursuant to Federal Rule of Civil Procedure 33. Also on or about July 13,

1

2010, Plaintiff was served with Defendants First Requests for Production ("RFP"), pursuant to Federal Rule of Civil Procedure 34.

3. After providing Plaintiff with numerous extensions and opportunities to provide full and complete responses to discovery, Defendants moved to compel on October 1, 2010, D.E.52, and to deem two requests for admission admitted. D.E. 51.

4. At the October 13, scheduling conference, the parties indicated they would attempt to resolve the outstanding discovery issues without the need for Court intervention.

5. Accordingly, counsel for Defendants sent additional correspondence to Plaintiff's counsel outlining the outstanding deficiencies in Plaintiff's discovery responses, and followed up on various occasions to clarify and address remaining issues.

6. Plaintiff subsequently served amended responses to interrogatories, and after yet additional good faith attempts by Defendants counsel to resolve the matter, Plaintiff provided unsworn revised amended interrogatory responses. These responses, which are the operative interrogatory responses for Plaintiff, are attached hereto as Exhibit "A."

7. Plaintiff also served four separate responses to the request for production, each time slightly amending the response. The most recent response, which is still deficient, is attached hereto as Exhibit "B."

8. Finally, the amended responses to Defendants' request for admissions are attached as Exhibit "C."

9. Despite repeated attempts by Defendants to resolve this matter without the Court's assistance, a number of Plaintiff's revised amended interrogatory responses and revised production responses remain incomplete.

10. In an effort to clarify the remaining deficiencies, and in light of the Court's January 19, 2011 Order directing the parties to clarify whether the discovery motions were withdrawn, Defendants give notice of the following incomplete interrogatory and request for production responses.

### A. **Plaintiff's Failure to Serve Verified Answers to Interrogatories.**

Federal Rule of Civil Procedure 33 provides that "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing *under oath*." Fed. R. Civ. P. 33(b)(3) (emphasis added). Answers to interrogatories or objections must be served within 30 days, absent an agreed or ordered extension. Fed. R. Civ. P. 33(b)(4). Finally, the Rule requires that '[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5).

In the case at bar, Plaintiff's has failed to provide verified responses in his Revised Amended Response to Officer Muley's Interrogatories as expressly required by the Rules. Given the near-total lack of specificity in the *third* response to interrogatories served in *July* of 2010, coupled with the fact Plaintiff has been incarcerated for the past few months, Defendants are left to wonder whether Plaintiff even made the responses to begin with or whether they were drafted by counsel based solely on the allegations in the Third Amended Complaint. Consequently, an Order compelling verified responses by Plaintiff is appropriate.

### B. **Interrogatories 3, 4, 5, 6, 10, 11, 12, 13, 14, 15, 18, 25.**

Interrogatory number 3 asks Plaintiff about his convictions of crime, other than any juvenile adjudication, punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment, as well as the specific crime, the date, case number and the place of conviction. Plaintiff did not provide the case number, the specific jurisdiction of his conviction (other than stating it was generally in "Texas") and instead improperly asserts that these are "public records."

Interrogatory number 4 asks Plaintiff about his arrests, as well as the date of each arrest, the time of each arrest, the place of each arrest, the charges for each arrest, the municipality each arrest took place in, the disposition of all charges associated with each arrest, and the case number for each arrest. Plaintiff does not provide the time of each arrest (although his response to the prior interrogatory lists the date of one of Plaintiff's convictions), the place of each arrest, the municipality each arrest took place in, or the case number.

Interrogatory number 5 asks Plaintiff to the name, address, and phone number of any and all medical or mental health care providers who have treated and/or examined the Plaintiff in the past ten (10) years along with the dates and reasons for such treatment. Plaintiff has failed to provide the dates of examination, contact information for each listed physician, or the reasons for the examination by Dr. Marcellus other than to state it was for *unspecified* "mental health issues." Instead, Plaintiff indicates he "does not recall" any contact information or dates of treatment. Without this basic information, Defendants are unable to depose the relevant doctors, obtain necessary records, or determine the relevance of such treatments to this case absent a basic timeframe of Plaintiff's treatment.

Interrogatory number 6 asks Plaintiff to provide names, addresses, and phone numbers of all persons believed to have any knowledge concerning any of the issues in this lawsuit as well

4

as the subject matter about which the person has knowledge. Plaintiff's response is insufficient for a number of reasons. Plaintiff lists all parties to this action but does not provide the *substance* of their knowledge. Plaintiff also lists a number of other purported witnesses but does not identify the substance of their knowledge. Instead, Plaintiff indicates this information can be gleaned from the Criminal Investigations Unit Supplemental Report. This is not responsive to the specific information sought in the interrogatory, which asks Plaintiff to identify the substance of each potential witness's knowledge.

Interrogatory number 10 asks Plaintiff to provide names, addresses and phone numbers of any all doctors, medical provider's hospitals, or any other person and/or entity who examined Plaintiff with regard to his injuries allegedly caused by Defendants, as alleged in the Complaint. Plaintiff's response is incomplete as it fails to state the names of the doctors which treated him and the dates of treatment. Instead, Plaintiff indicates he "does not recall" any names of doctors or dates of treatment. Without this basic information, Defendants are unable to depose the relevant doctors, obtain necessary records, or determine the relevance of such treatments to this case absent a basic timeframe of Plaintiff's treatment.

Interrogatory number 11 asks Plaintiff to state the purpose of his visit to the area of Miami Beach on the day of the arrest which is the subject matter of the instant action, and describe *in detail* his actions and activities for the period of one week prior to and up to the time of his arrest. Plaintiff's response is incomplete in that it does not touch on any *details* of Plaintiff's activities, and improperly refers Defendants to the extremely general allegations in the Complaint. This response fails to describe *in detail* Plaintiff's actions and activities for the period of one week prior to and up to the time of his arrest. As a result, Defendants cannot move this case forward with other potential discovery and subpoenas of persons interacting with Plaintiff

prior to the incident at issue, nor does this response permit Defendants to intelligently prepare for Plaintiff's deposition.

Interrogatory number 12 asks Plaintiff to specify each and every act and/or omission by each Defendant for which he believes he has a cause of action under § 1983, and under state law for assault and battery as alleged in this lawsuit and to describe with specificity how he came to have knowledge of the alleged act/omission. Plaintiff's response is insufficient for several reasons. First, Plaintiff fails to separate each Defendant, in his answer he responded for all Officers, failing to identify each Officer separately. Second, Plaintiff failed to describe with specificity each and every act or omission. Finally, Plaintiff failed to state on how he came to have knowledge of the alleged act/omission. Instead, Plaintiff generally directs Defendants to the allegations in his Complaint, defeating the very purpose of the interrogatory, which is to obtain specific information that will allow the parties to narrow the issues in this case as it relates to each specific Defendant.

Interrogatory number 13 asks Plaintiff to separately itemize as to each Defendant individually and identify all damages for which he seeks monetary recovery from that Defendant in this action, and to specifically identify the nature of the damages, the amount sought for each alleged damage, and how he calculated the amount of damages. Plaintiff's response is insufficient for several reasons. First, Plaintiff fails to separately itemize as to each Defendant individually and fails identify all damages for which he seeks monetary recovery from that Defendant in this action. Second, Plaintiff fails to specifically identify the amount sought for each alleged damage, and how he calculated the amount of damages. Plaintiff states that the amounts have not yet been fully calculated but does not give any indication as to when that information will be provided. This is improper, and is an attempt to stonewall Defendants from

obtaining actual proof of Plaintiff's alleged damages. Courts have expressly held that such information must be provided during discovery. *See Sweeney v. Jenne*, 2006 WL 3533908 at *2 (S.D. Fla. Dec. 7, 2006) (granting Motion to Compel and ordering Plaintiff to provide "an itemization and computation of damages" in response to an interrogatory). Because Plaintiff has failed to provide its damage computation, Defendants are currently unable to properly prepare their defenses in this matter and move this case forward. Accordingly, an Order compelling Plaintiff to provide an immediate itemization and computation of his damages is appropriate.

Interrogatory number 14 asks Plaintiff to describe *in detail* his entire interaction with *each Defendant* on the day of the arrest giving rise to this lawsuit, from the moment he first interacted with that specific Defendant to the last moment he interacted with that Defendant and identify the time, location, and substance of each specific interaction with each specific Defendant. Plaintiff's response is totally unresponsive to the question in that he directs Defendants to the generalized allegations in the Complaint. Plaintiff has alleged significant claims against various officers in their personal capacity. To maintain this action, Plaintiff is required to specifically identify the acts of each Defendant, as well as his interaction with them so the parties can asses the various claims and prepare a defense. Without this information, discovery serves no purpose,[1] and Defendants are precluded from preparing their valid defenses. Plaintiff should be compelled to provide a full and detailed response to this interrogatory.

Interrogatory number 15 asks Plaintiff to describe each injury, including mental or emotional injury, for which he is claiming damages in this case, specifying the part of his body that was injured; the nature of the injury, and, as to any injuries he contends are permanent. Plaintiff failed to provide a proper response to this interrogatory in that Plaintiff provides no

---

[1] Indeed, under Plaintiff's approach, the parties need only review the allegations of the complaint to ascertain the specific facts and evidence on which each case turns. Such an approach defeats the purpose of discovery, which is to *discover* information *not* contained within the self-serving allegations in the pleadings.

7

information on the nature of his alleged injuries, whether they are permanent or temporary, and the extent of the injuries. Instead, Plaintiff directs Defendants to his medical records. Defendants did not ask for the medical records in this response, they asked for *specific* information from *Plaintiff* relating to his claimed injuries, and same was not provided to Defendants. Plaintiff is required to substantiate his alleged injuries to prevail in this action, so he should be required to respond to this interrogatory fully and in detail.

Interrogatory number 18 asks Plaintiff to describe *in detail* the actions of each of the Defendant Officers Plaintiff claims were committed in bad faith and with malicious purpose as alleged in Plaintiff's Complaint and state the *specific facts* on which Plaintiff bases his claim. Plaintiff fails to provide anything more than a generic and generalized response that provides any details to substantiate the various causes of action other than to allege a cover up. Plaintiff has made claims of excessive force, assault, and battery against the Officers. The interrogatory asked for information to substantiate each of these claims, and Plaintiff should be compelled to finally provide this information.

Interrogatory number 25 asks Plaintiff to state with specificity why Plaintiff was panicked, as to the allegations in Paragraphs 19, 25 and 31 of the Third Amended Complaint and describe each and every act Plaintiff engaged in in trying to escape from the officers, specifically explain why Plaintiff thought the officers were attacking his person and/or committing a robbery of Plaintiff and explain how the officers "knew these things" and state the facts supporting Plaintiff's claim that the officers had non-lethal alternatives available to them but decided not to use non lethal force. Plaintiff's response fails to state the facts supporting Plaintiff's claim that the officers had non-lethal alternatives available to them but decided not to use non lethal force. Nor does Plaintiff explain how the Officers knew "Robbins was unarmed; had given no indication of any kind that he was violent

and was panicked and was trying to escape what he thought was an attack on his person and/or a robbery," as alleged in Paragraphs 19, 25 and 31 of the Third Amended Complaint.

C.  **Requests for Production.**

After four tries, Plaintiff's latest response asserts that virtually all the documents sought by Defendants are not in his possession custody or control. Defendants take Plaintiff at his word, and assume that all efforts were made to ascertain whether the requested records are not in fact within either his possession custody or control.  Defendants do not believe this to be the case, since, for example, Plaintiff has failed to provide his employment records in response to request 22, or his prescription records in response to request 11. Plainly, Plaintiff has *control* over these records, and could easily have produced same from his prior employers and from any medical providers. *See Searock v. Stripling,* 736 F.2d 650, 653-654 (11th Cir.1984) (party has an obligation to produce not only those responsive documents in his possession, but also those documents in his care, custody or control; "control is defined . . . as *the legal right to obtain the documents requested upon demand*.").   Therefore to the extent Plaintiff could have produced these and other records (*see generally* Ex. B at ¶¶ 23, 24) but claimed they were not produced because they are outside his possession, custody, or control, Defendants believe this response is improper and belied by reality. The Court should require Plaintiff to produce any documents over which he has legal control.

The response which remains outstanding, by Plaintiff's own improper objection, is the production of Plaintiff's medical records for the past ten years. Request number 6 required Plaintiff to produce any and all medical, hospital, mental health care records, or medical health care records, reports or documents in regard to the medical treatment and/or examination of Plaintiff for the past ten (10) years. Plaintiff objects to the request on the grounds that it is

overbroad, and offers to provide a *medical release* (not the actual records) for records generated in the past five years. This objection is baseless.

The request is relevant to the subject matter of the case because Plaintiff alleges in the Third Amended Complaint that Plaintiff has mental health issues (Plaintiff's Third Amend. Compl. ¶ 7) and Plaintiff is seeking damages relating to alleged injuries sustained as a result of the incident described in the Third Amended Complaint. Plaintiff's Third Amend. Compl. ¶ 16 ("As a direct result of the actions of the Officers, Robbins suffered serious personal injury, pain and suffering, expenses of hospitalization and medical care in the past and future, loss of earnings, loss of earning capacity in the future, loss of the ability to enjoy life, and aggravation of a preexisting condition."). Notably, in response to interrogatory number 5, Plaintiff has identified two doctors in Texas that treated him for various ailments, and so it is critical that Plaintiff finally produce *all* records responsive to this request and allow Defendants to prepare their case for trial.[2] The medical records sought are reasonably calculated to lead to the discoverability of admissible evidence. Defendants are entitled to these records to demonstrate that the injuries alleged are pre-existing, and that Plaintiff has not suffered the damages he is alleging to have suffered in his pleading. *See Melendez v. Gulf Vessel Management, Inc.*, 2010 WL 2650572, 1 (W.D. Wash., July 01, 2010) (both the identities of all medical providers who treated Melendez in the last ten years and the medical records from those providers are relevant because Melendez's claims put his physical condition, mental health, and earning capacity at issue and a pre-existing medical conditions can impact those claims); *Sandoval v. American Bldg. Maintenance Industries*, Inc. 2006 WL 6607858, 5 (D.Minn.,September 21, 2006) (plaintiffs' mental health records for the past 10 years are relevant to the claims in their Complaint because

---

[2] As of this date, Plaintiff has only produced medical records from Jackson Memorial Hospital related to the incident alleged in the Complaint.

Plaintiffs have alleged emotional distress caused by defendants' treatment, this information could lead to the discovery of admissible evidence at trial).

D. **Requests for Admissions.**

Plaintiff's belated amendment does not change the substance of his improper response. Defendant contend their grounds to have requests for admissions 20 and 25 deemed admitted are still appropriate and this motion is not withdrawn.

E. **Sanctions.**

Given the fact these discovery requests have been outstanding since July of 2010 - *more than six months since they were propounded* - and given that Plaintiff was provided with numerous opportunities to amend his discovery responses which would permit Defendants to move this case forward, sanctions should be imposed against Plaintiff for obstructing discovery and refusing to comply with his obligations under the Federal Rules of Civil Procedure. Plaintiff's repeated generalized responses are meant to stonewall Defendants and provide them with the least information possible going into Plaintiff's deposition. As a result, Defendants have been unable to narrow the issues and Plaintiff's deposition has been repeatedly delayed. Six months is more than enough time for Plaintiff to provide full, complete, and *factually detailed* responses to discovery, and his failure to do so is simply improper. Accordingly, sanctions are appropriate in this instance.

**WHEREFORE**, based upon the foregoing, Defendants respectfully requests that this Court enter an order: (1) granting Defendants' motion and compelling Plaintiff to provide adequate and complete responses to the interrogatories and to produce the documents requested in the request for production; (2) deeming admitted requests for admissions 20 and 25; (3) entering sanctions against Plaintiff, including but not limited to awarding Defendants their

attorneys fees incurred in bringing the instant Motion and in attempting to resolve this matter out of court for the past 5 months; and (4) entering any and all further relief this Court deems equitable and just.

                                                                           **Respectfully submitted,**

/s/<u>Mendy Halberstam</u>
Joshua M. Entin, Esq.
FBN: 0493724
Mendy Halberstam, Esq.
FBN: 68999
ROSEN SWITKES & ENTIN P.L.
407 Lincoln Road, PH SE
Miami Beach, FL 33139
(T) 305-534-4757
(F) 305-538-5504
Attorney for Defendant Pfrogner, Muley and Schoenfeld

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 27th day of January, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**/s/ Mendy Halberstam**

## SERVICE LIST

**Robbins v. City of Miami Beach, et al.**
**Case No. 09-20804-CIV HOEVELER/GARBER**
**United States District Court, Southern District of Florida**

**Michael B. Feiler**
FEILER & LEACH, P.L.
901 Ponce de Leon Blvd., Penthouse Suite
Coral Gables, FL   33134-3009
Phone: 305-441-8818
Fax: 305-441-8081
Email: mbf@flmlegal.com


**Donald Mark Papy**
City of Miami Beach
1700 Convention Center Drive
4th Floor
Miami Beach, FL 33139-2032
Phone:  305-673-7470
Fax:  305-673-7002
Email: yamilexmorales@miamibeachfl.gov